## HOROWITZ v. DAVID.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

SALES (§ 225*)—ASSIGNMENT OF CONTRACT—NOTICE OF ASSIGNMENT.
    Plaintiff, to whom a buyer of goods had assigned its rights under the contract, delivered to the seller, who accepted them, an order from the buyer for the delivery of the goods, a copy of the account on the letter head of the buyer, and a check for the balance shown thereby to be due to the order of the buyer and indorsed by it to the seller. Held, that while none of these papers alone was sufficient to show conclusively that the seller had notice of the assignment, considered together they showed such notice beyond dispute; and hence the seller could not dispute a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

credit shown in the copy of the account, or relieve himself of liability to plaintiff by delivering the goods to the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 615–625; Dec. Dig. § 225.*]

Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Max M. Horowitz against B. Edmund David. From a judgment on a directed verdict for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Adam Wiener, of New York City (Otto Horwitz, of New York City, of counsel), for appellant.

Jacob Klein, of New York City (Max D. Steuer, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff alleges in his complaint that the defendant sold to the David Cohen Silk Company goods of the agreed value of $3,815.07; that the David Cohen Silk Company paid the defendant $500 on account of the said goods, and thereafter assigned the goods and his interest in the said contract to the plaintiff; that the defendant delivered to the plaintiff all of the goods set forth, with the exception of goods of the agreed price and reasonable value of $734. The important allegations of the complaint are contained in paragraph fifth, which reads as follows:

"On the 16th day of April, 1913, this plaintiff delivered to the defendant's representative herein his check for $3,048.02, to the order of David Cohen Silk Company, and by said David Cohen Silk Company indorsed to the defendant herein, being the balance of the purchase price of said goods, less a discount of 7 per cent., and at the same time exhibited to the defendant's representative an assignment of the aforementioned goods, and an order, signed by the David Cohen Silk Company, to deliver same to plaintiff herein."

The answer of the defendant denies the payment of $500 on account, denies the assignment, on information and belief, and denies the allegations of paragraph 5, except that—

"plaintiff delivered to the defendant's representative his check for $3,048.42 to the order of David Cohen Silk Company, and by said David Cohen Silk Company indorsed to the defendant herein."

At the trial the sole conflict of evidence was upon the point of whether the plaintiff had, on April 16th, exhibited to the defendant's representative an assignment of the goods in question. It is not disputed that on that day the plaintiff called upon the defendant and left at his office three papers. The first paper is a letter which reads as follows:

"Messrs. B. Edmund David, 440 Fourth Avenue, City—Dear Sir: Kindly deliver to Max M. Horowitz, No. 98 Greene street, city, 197 pieces of black velvet as per your bills of April 8th and 9th, 1913, and oblige.

"Yours truly,　　　　　　　David Cohen Silk Company.
　　　　　　　　　　　　　　　"David Cohen, Pres."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The second paper is a copy of an account upon the letter head of the David Cohen Silk Company, which reads as follows:

New York, April 14, 1913.

B. Edmund David, City.

To David Cohen Silk Company, Dr.
Silks and Velvets.

| | | |
|---|---|---|
| Terms 7%. | | 656 Broadway. |
| April 8. To merchandise | 3,081 | 81 |
| April 9. " | 734 | 06 |
| | 3,815 | 07 |
| 7% discount | 267 | 05 |
| | 3,548 | 02 |
| A/c | 500 | |
| | 3,048 | 02 |

The third paper is a check for $3,048.02 to the order of the David Cohen Silk Company, and by them indorsed to the defendant. At the time that these papers were delivered by plaintiff to the defendant's representative, no goods were delivered to the plaintiff, and no objection was made to the account. The defendant's representative merely stated that the matter would receive attention, and thereafter the check was cashed and the plaintiff received the goods covered by the order, with the exception of the goods now in dispute.

Upon this testimony the trial justice ruled that evidence that the account was incorrect, in that $500 had not been paid on account, and that the additional goods had thereafter been delivered to the plaintiff, was immaterial, and directed a verdict in favor of the plaintiff. The correctness of the judgment entered upon the direction of the verdict therefore hinges upon the question of whether the delivery of the three papers and their acceptance, under the circumstances stated, show as a matter of law notice to the defendant that the goods had been assigned to the plaintiff, so that a subsequent delivery of part of the goods to the assignor would not relieve the defendant from liability to the assignee; and whether the acceptance of the plaintiff's check under these circumstances, and failure to dispute the account, precludes the defendant from showing that $500 was still unpaid on the account.

The defendant now contends that the letter is merely an order for delivery, which might be considered somewhat in the nature of a shipping order, and therefore fails to give notice as a matter of law that the goods have been assigned. He claims that the account purports to be only an account between the original parties, and therefore can certainly not show an assignment, and that the plaintiff's check, being made out to the order of the assignor, and by them indorsed, must be considered as the check of the assignor and not of the assignee. From these propositions he claims that it follows that there is at least a question of fact in the case as to whether these papers gave notice to the defendant that an assignment of the goods was made. It may well be conceded at the outset that there is force in the defendant's argument that none of these papers is sufficient to show conclusively notice of an

assignment, but the force and effect of these papers must be consider- ed together, under the circumstances in which they were received, and, so considered, it seems to me they show beyond dispute that the de- fendant had notice of the assignment. The order cannot be considered as merely a shipping direction if the plaintiff at the time of the delivery of the order notified the defendant that he claimed them as his own. The account on the assignor's letter head, delivered by the plaintiff, with a check of the plaintiff made out to the assignor and by him in- dorsed to the defendant, must have shown the defendant that the plaintiff was himself taking up the contract made by the defendant, and, coupled with the order to deliver the goods to the plaintiff, must have shown the defendant that the plaintiff then claimed the goods, not as the plaintiff's agent, but as one having a personal right to the goods, and when the defendant accepted the order and check he, recognized the right of the plaintiff to these goods, and cannot now dispute the ac- count or refuse to deliver the goods.

Judgment should therefore be affirmed, with costs.

PAGE, J., concurs.

BIJUR, J. (dissenting). As the verdict was directed we can consid- er only the *uncontradicted* facts, which are as follows: That the David Cohen Silk Company had, prior to April 14, 1913, agreed to purchase 197 pieces of velvet from the defendant for $3,548.02; that on April 16th the plaintiff delivered to defendant the following pa- pers:

(1) A letter on the letter head of David Cohen Silk Company and signed by it, dated April 15th, addressed to defendant, reading:

"Dear Sir: Kindly deliver to Max M. Horowitz, No. 98 Greene street, city, 197 pieces of black velvet as per your bills of April 8th and 9th, 1913, and oblige. Yours truly."

(2) A statement showing an account between the Cohen Silk Com- pany and defendant as follows:

Statement.

Telephone 8428 Spring.　　　　　　　　　　· New York, April 14, 1913.
M. B. Edmund David, City.

To David Cohen Silk Company, Dr.
Silk and Velvets.

Terms 7%.　　　　　　　　　　　　　　　　　656 Broadway.

| | |
|---|---:|
| April 8. To merchandise | 3,081 01 |
| April 9. "　　" | 734 06 |
| | 3,815 07 |
| 7% Discount | 267 05 |
| | 3,548 02 |
| A/c | 500 |
| | 3,048 02 |

(3) A check dated April 16th on the People's Bank, drawn by plaintiff to the order of David Cohen Silk Company, for $3,048.02, indorsed by the David Cohen Silk Company to the order of defendant.

Shortly after the delivery of these papers, defendant delivered to plaintiff 156 pieces, being apparently the goods called for in the bill of April 8th, worth $3,081.01.

This action is brought for the goods represented by the bill of April 9th, worth $734.06.

It appeared on the trial that the latter goods had, subsequent to the visit of plaintiff, been delivered by the defendant to the David Cohen Silk Company. The only theory on which the judgment can be sustained is that the order for the delivery of the goods or the transaction as a whole constituted an assignment to plaintiff of the right and title of the David Cohen Silk Company in and to the goods, and that defendant, having on the faith thereof, accepted from plaintiff his check, that is, having permitted him to change his position, was bound, by way of estoppel, to treat him as the assignee, and the account presented by him as correct, and therefore owed him the goods involved in the suit. The letter of April 15th, however, is clearly merely an order to deliver goods, and no more indicates an assignment than does the ordinary order delivered by any purchaser to any truckman or messenger. The check given by plaintiff to defendant was not, *at the time,* plaintiff's check, and certainly was not any indication to defendant that plaintiff was then parting with anything on the strength of defendant's acceptance or approval of the account presented; for, although the check was originally made by plaintiff, it had been made by him to David Cohen Silk Company, and had been by that company already indorsed to the defendant himself.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.